Frank A. Gulotta, J.
The plaintiffs are retail pharmacists operating at Farming-dale, Long Island, who have sued the defendant, who is also a pharmacist in the same community, to permanently enjoin him from issuing S & H Green Stamps in connection with the sale of so-called fair-trade merchandise.
The plaintiffs have applied for the temporary injunction sought on this motion, on the theory that it is needed to preserve the status quo and on the further theory that their case is so clear-cut, that a trial will be a formality and that therefore they should have their relief, before it is held, to prevent irreparable damage.
Since the defendant has been operating the store in question under the Green Stamp method since he took it over in October, 1958, enjoining him forthwith would not be to preserve the status quo, but to destroy it.
Neither do I regard the plaintiff’s case as so overwhelming that the results of a trial are to be considered a foregone conclusion.
The plaintiff’s chief reliance is upon the case of Bristol-Myers Co. v. Picker (302 N. Y. 61) which is a case that also originated in this area.
It was held there after trial, that at the suit of the manufacturer, the defendant druggist would be restrained from selling- the plaintiff’s products at the fair-trade price and at the same time issuing cash register receipts redeemable in merchandise, at 2%% of their face value at his own store, or the stores of a small group of merchants in the same community, who had joined the defendant’s plan.
The difference here is that in this case we have an individual retailer, or a few of them, attacking another retailer for a method of merchandising, which we are told has been in existence for 60 years in all States of the Union, with 65,000 licensees, 6,500 in the State of New York, including 265 drugstores and has never been successfully attacked on the ground that it violates the Fair Trade Laws anywhere in the United States.
While a retailer is given a right under the statute (General Business Law, § 369-b) to maintain an enforcement action, not to be lost sight of is the fact that the thing which is being protected is the good will of the manufacturer in his trade *746 "brand. The goods themselves are the absolute property of the purchaser and he can resell them at any price he pleases.
Therefore unless the statute is to degenerate into an instrument of oppression by one individual against another, it is necessary to find a pattern of enforcement against the very thing which defendant is doing, before issuing an injunction, which singles him out as the one person in the Nation who cannot distribute Green Stamps.
I appreciate that enforcement must start somewhere, but the inactivity of manufacturers throughout the country in this respect, in the face of such a widespread practice, may very well indicate that they do not consider it detrimental to their good will, nor harmful to their property rights in their trade names.
This question of course was not an issue in Bristol-Myers v. Picker (supra) and until it is decided by an appellate court I do not deem a temporary injunction appropriate.
A somewhat similar question was discussed in Automotive Elec. Serv. Corp. v. Times Square Stores Corp. (175 Misc. 865) and the conclusion there reached after trial was to the effect that the plaintiff was not entitled to an injunction.
Additionally the Special Term Calendar is up to date, and plaintiffs may have a trial without any more delay than they wish.
Motion denied.