Mario Pittoni, J.
Plaintiffs move for a temporary injunction to bar the defendants from issuing trading stamps to their customers on all fair-trade merchandise sold in their store. The action upon which this motion is based is pursuant to section 369-b of the General Business Law.
It must be observed at the very outset that the purpose of a temporary injunction is to preserve the status quo pending the trial, and a temporary injunction which gives to a litigant the same relief which may ultimately be granted after a trial is to be granted, if at all, very sparingly and only when urgent necessity is clearly shown. The burden of establishing the right to the drastic relief afforded by a temporary injunction rests upon the plaintiff. In De Candido v. Young Stars (10 A D 2d 922) the court stated as follows: “ A temporary injunction should not be granted unless the plaintiff shows a clear legal right thereto and, in addition, shows that he would be irreparably damaged if an injunction were not granted before trial.”
Plaintiffs and defendants are all engaged in the retail drug business in Freeport, and all sell fair-trade and nonfair-trade merchandise. On June 14,1948, defendants, in order to promote their business, began to issue trading stamps of the Sperry & Hutchinson Company (S&H) on all their sales, and have since continued to do so. During all this time the plaintiffs too have been doing business in Freeport.
Under defendants’ agreement with the Sperry & Hutchinson Company, each customer making a cash purchase at defendants ’ store receives one S&H Green Stamp for every 10 cents paid in cash. The customer collects the stamps until 1,200 have been acquired, and then they may present them either in person or to any one of the redemption centers for merchandise.
Defendants are charged with issuing trading stamps on the products of six manufacturers when selling these items at their fair-trade price. This charge results from the shopping of Ruth Belluck on February 28 and April 26, 1961. However, there *930 is no factual showing by plaintiffs as to the present existence of valid fair-trade contracts entered into by the six manufacturers listed in the complaint, which contracts plaintiffs seek to enforce.
As previously stated, plaintiffs are seeldng to enjoin a practice adopted by defendants in June, 1948, 13 years before the commencement of this action. On this statement alone plaintiffs should be barred by their own laches. It is incredible that the defendants’ practice continued all this time without plaintiffs’ knowledge. This is enough to preclude a temporary injunction. (De Gandido v. Young Stars, 10 A D 2d 922, supra; Ramo v. Excel Pharmacy, 19 Misc 2d 744.)
Furthermore, plaintiffs have failed to make out a prima facie case, and without clearly establishing all the elements of a cause of action, plaintiffs are not entitled to a temporary injunction. Here, while plaintiffs seek to enjoin defendants from violating the fair-trade contracts of ‘ ‘ all manufacturers or distributors who have entered into and signed fair trade agreements, including the various manufacturers, wholesalers and distributors,” they have failed to offer any proof either that the contracts now exist or that they existed at the time of defendants’ alleged violations thereof. (Klepak v. Eisenberg, 264 App. Div. 794 [2d Dept.]; Elmar Pharmacy v. Axelrod, F. Y. L. J., Sept. 15, 1955, p. 11, col. 1.) In the Elmar Pharmacy case Mr. Justice Stoddard stated as follows: “ the papers are insufficient in that they plead certain manufacturers have entered contracts establishing minimum resale prices for their products but the evidentiary material submitted does not establish that fact, nor do they establish as a fact that the defendants were notified of such price or that they were selling below such minimum prices. * * * Accordingly, in view of the foregoing and the fact that an early trial may be had, this motion for an injunction pending trial will be denied.” Then, too, a requirement of section 369-b of the General Business Law is that an action may be maintained thereunder only by “ any person damaged thereby ”. Fowhere is it shown factually in the moving papers in what way the plaintiffs have been or are being damaged. The most that has been said is that defendants have gained the patronage of some of plaintiffs’ customers. There is not even a showing that the good will of the manufacturer in his trade brand is adversely affected (see Bristol-Myers Co. v. Picker, 302 N. Y. 61). Furthermore, it is doubtful whether plaintiffs can maintain this action to enforce fair trade because there is a substantial question whether or not they are entitled to invoke the existence of section 369-b. It is specifically stated *931 that the statute “ shall not apply to any * * * agreement * * * between retailers as to sale prices ’’ (General Business Law, § 369-c), whereas plaintiffs have stated that this proceeding is the result of an agreement between members of a trade association.
In the light of the reasons stated above, and because an early trial is readily available, the application by plaintiffs for this drastic remedy, temporary injunction, is denied.