Thomas P. Farley, J.
In an action seeking a permanent injunction, plaintiff moves for an injunction pendente lite restraining the defendants from permitting the use and occupancy of defendants’ seven-story office building situate at 175 Fulton Avenue, Hempstead, New York, known as “Imperial Square Building,” in violation of certain restrictive covenants pertaining to “ off street ’ ’ parking facilities. The plaintiff operates a large department store on the south side of Fulton Avenue in Hempstead known as “ Abraham & Strauss ”. In the early part of 1960, the plaintiff entered into a contract to sell to defendants’ solely owned corporation, Hempstead Terrace Corp., certain parcels of real estate located on the north side of Fulton Avenue facing plaintiff’s department store. Included in the contract was the parcel which is the subject of this proceeding-located on the northwest corner of Fulton and Terrace Avenues, having dimensions of 281 feet on Fulton Avenue and approxi *607 mately 300 feet on Terrace Avenue. The contract covering this parcel and the deed dated February 15,1961 which conveyed title from the plaintiff to Hempstead Terrace Corp., contain a restrictive covenant running with the land requiring the grantee, its successors and assigns, to:
“ (4) Provide and maintain for automobile parking purposes on the premises hereby conveyed one car space of adequate size and accessibility to permit the parking of any medium price standard size automobile (duly lined or marked so that the, number of car spaces can readily be counted) for:
“ (a) each 250 square feet of space on the ground floor except where the ground floor is used exclusively for dwelling purposes; and
“ (b) each 250 square feet of space in any basement floor below the ground floor that is used for store purposes other than storage space to which customers are not permitted access; and
“ (c) each 250 square feet of space on any floor above the ground floor used for any store purposes; and
“ (d) each 700 square feet of space on any floor above the ground floor other than space used for purposes described in (c) and/or (e) of this paragraph; and
“(e) each one and one-quarter dwelling units contained in every building hereafter erected upon the premises conveyed by this deed.
“ As used herein ‘ space ’ shall be measured from the interior side of exterior walls without allowance for interior partitioning, counters and/or other installations.”
It is further provided in the deed that in the event of “ a threatened breach ’ ’ of the above provision, the plaintiff shall be entitled to enforce the same by temporary and permanent injunction without showing special damages.
The drastic relief of a temporary injunction is only justified where the plaintiff shows to the court’s satisfaction that irreparable injury is suffered or reasonably to be expected (Elk St. Market Corp. v. Rothenberg, 233 App. Div. 243, 247; Green Co. v. Industrial Development, 8 A D 2d 785; Jack & Jill Togs v. Bernside Mills, 2 A D 2d 887). Where such temporary mandatory injunction will, in effect, disturb the status quo and afford plaintiff all the relief which it could obtain after trial, the remedy may not be granted unless irreparable injury and a clear right to the relief demanded is clearly shown (Barricini, Inc. v. Barricini Shoes, 1 A D 2d 905; Ash v. Holdeman, 5 A D 2d 1017). The relief should be refused in cases where it will do greater damage or create greater injury to the defendant than its denial would to the plaintiff (Gilbert v, Burnside, 6 A D 2d 834).
*608 The defendants admit that one upper floor containing 25,000 square feet and 1,400 square feet of the ground floor of the building have already been leased for occupancy commencing on or about December 10,1962. They also conceded on the argument of this motion that rental of further portions of the building is “imminent”. However, the defendants maintain that this motion and the underlying action are prematurely brought and that until such time as the defendants have actually rented space out of proportion to the quantity for which they have provided a minimum automobile parking area, as computed by the formula contained in the covenant, and such premises are actually occupied, the covenant has not been breached and the plaintiff is not entitled to any of the relief which it seeks. The affidavit of the defendant Milton Bernstein, submitted in opposition to this application, indicates that defendants are proceeding with an application before the Village Board of Hempstead for a change of zone to permit the erection of a multi-level parking structure on the now vacant area of 47,000 square feet immediately to the rear of the subject building. Defendants contend that, when completed, this structure will accommodate 435 cars — an amount in excess of the parking requirements under the formula contained in the covenant. Pending construction of this parking facility, they contend that more than ample on-premises parking facilities will be provided according to the formula to accommodate existing and future tenants at such time as they actually take occupancy. However, as the plaintiff points out, it is a matter of some conjecture as to whether or not the village will rezone the subject premises to permit the erection of such a structure and, even if the property is rezoned, when the structure would be completed.
The principal dispute between the parties centers on the interpretation to be put on the covenant. Whereas plaintiff contends that the defendants are bound thereby to provide 326 “duly lined or marked ’ ’ car spaces before any tenants will be permitted to take occupancy, the defendant urges that it has no obligation under the formula to provide parking spaces except insofar as its premises are actually occupied by tenants. The final resolution of this dispute must properly await the trial of this action.
Pending trial, this court is satisfied from all of the papers submitted on this motion that there exists a threat that the covenant is about to be violated. Concededly, several tenants will shortly be moving into the building and recent photographs of the premises submitted by plaintiff substantiate its claim that no parking area has been established to accommodate these *609 tenants and that the vacant area immediately to the rear of the building is unpaved and in no condition for parking. However, the court is of the opinion that a temporary injunction restraining all occupancy pending trial would operate to cause far greater injury to the defendant than its denial would to the plaintiff. It will be sufficient to preserve the status quo pending trial that said application be granted to the extent that the defendants will be enjoined, during the pendency of this action, from permitting any occupancy of said premises except upon the following terms and conditions: (a) that one car space of adequate size and accessibility to permit the parking of any medium size automobile be provided on or before the date of such occupancy on a paved and lined or marked area on the premises for each 250 square feet of space on the ground floor actually occupied by and leased to a tenant; (b) that one car space of adequate size and accessibility to permit the parking of any medium size automobile be provided on or before the date of such occupancy on a paved and lined or marked area on the premises for each 700 square feet of space on any floor above the ground floor leased for other than store premises. The order to be entered hereon may provide for leave to apply at the foot thereof for additional instructions in the event of a contemplated lease not covered by the above restrictions.
Settle order on notice providing for a bond in the sum of $10,000.