Thomas S. Agresta, J.
This is an action by a group of property owners who live in the vicinity of defendants’ concrete plant to (1) permanently enjoin defendants from using the premises located at 89-10, 89-19 and 89-20 Liberty Avenue, County of Queens, as a concrete plant, or (2) to permanently enjoin the defendants from operating the plant in such a way as to cause vibrations, trembles, quaking, shaking and obnoxious, foul, toxic fumes, odors and gases, and (3) for damages of $1,000,000, with costs and disbursements. Further, the plaintiffs demand judgment directing the City of New York to take the necessary legal steps to abate, restrain and prevent the existence of the nuisances caused by the concrete plant.
The plaintiffs now move for a temporary injunction restraining the defendants from operating the plant pending the determination of the action and directing the Mayor to declare the defendants’ acts contrary to the public good and a public nuisance and to order the acts abated in conformity with the Administrative Code of the City of New York. The defendant City of New York cross-moves to dismiss the complaint against it for failure to state a cause of action. (CPLR 3211, subd. [a], par. 7.)
The city’s cross motion is granted. Those sections of the Administrative Code which the plaintiffs seek to have the city enforce (Administrative Code of City of New York, §§ 564-18.0 and 643a-6.0) are discretionary in nature and the court will not interfere with the exercise of such discretion, absent a claimed violation of a constitutional mandate. (Gaynor v. Rockefeller, 15 N Y 2d 120; Matter of Perazzo v. Lindsay, 30 A D 2d 179, affd. 23 NY 2d 764.) Nor does it matter that the city may have instituted some actions or proceedings and discontinued them. (People v. Bunge Corp., 25 N Y 2d 91.)
*137 The most recent New York case in the area of nuisance and its restraint is Boomer v. Atlantic Cement Co. (26 N Y 2d 219). In that case, plaintiffs sought an injunction restraining the defendants from operating a cement factory because the dirt, smoke and vibrations caused injury to the plaintiff’s property. The Court of Appeals held that such a factory is a nuisance, that the damage to the plaintiffs’ property is slight when compared with the consequences of closing the defendants’ plant, and that plaintiffs are entitled to an injuncton until such time as a money judgment is paid.
The plaintiffs in the case at bar ask the' court to carry the Boomer decision one step further and grant a preliminary injunction restraining the defendants from operating their cement factory until such time as the action is heard on its merits. There are several factors which militate against granting this motion:
(1) The plaintiffs have been property owners for at least 5 years and the defendants or their predecessors in interest have been operating the cement factory at the present locations for approximately 20 years. Thus, the plaintiffs are guilty of laches in now seeking a preliminary injunction. (De Candido v. Young Stars, 10 A D 2d 922; Estate of Hemingway v. Random House, 49 Misc 2d 726, affd. 25 A D 2d 719; Libow v. Freeport Drug Shop, 29 Misc 2d 928.)
(2) The plaintiffs have failed to show irreparable injury caused by the continuance of the operation of the factory. (See Instrument Systems Corp. v. La Rosa & Sons, 31 A D 2d 766; Green Co. v. Industrial Development, 8 A D 2d 785; Gilbert v. Burnside, 6 A D 2d 834.)
(3) If a preliminary injunction were granted, it would do greater damage and create greater injury to the defendants than the concomitant gain to the plaintiffs. (Gilbert v. Burnside, supra; Federated Dept. Stores v. First Republic Corp. of Amer., 37 Misc 2d 606.)
(4) Preliminary injunctions should be granted, if granted at all, with great caution, “ and only when required by imperative, urgent, or grave necessity, and upon clearest evidence, as where the undisputed facts are such that without an injunction order a trial will be futile. (28 N. Y. Jur., Injunctions, § 19.) ” (Xerox Corp. v. Neises, 31A D 2d 195, 197.) The plaintiffs have failed to show imperative, urgent or grave necessity, nor have they shown that, without an injunction, a trial would be futile. This case, however, is an appropriate one to “ employ the inherent flexibility of the injunction to reach a workable accommodation between the parties during the pendency of the suit ”. *138 (7a Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.30.) In a similar case where the plaintiffs sought a preliminary injunction to restrain the defendants from creating any loud and unnecessary noises in the construction of the Throggs Neck Bridge between the hours of 6:00 p.m. and 7:00 a.m. of the next day, the court granted the preliminary injunction to the extent of restraining all pile driving operations during that time while allowing other work to continue day and night. (Modugno v. Merritt-Chapman Scott Corp., 17 Misc 2d 679.)
Accordingly, the preliminary injunction is granted to the following extent:
(a) Pneumatic drills shall not be used on Sunday or the rest of the week from 6:00 p.m. to 7:00. am.
(b) The public address intercommunication system shall not be used on Sunday or the rest of the week from 6:00 p.m. to 7:00 a.m.
In all other respects the motion is denied and the complaint against the City of New York is dismissed.
Submit order and provide for the fixation of the amount of the surety bond by the court.