OPINION OF THE COURT
Richard W. Wallach, J.
In what is in part a taxpayer’s action against defendant City of New York (City), and in part an action for injunctive relief and monetary damages against a newspaper publisher, Gannett Co., Inc. (sued herein as Gannett Publications and hereinafter referred to as Gannett), apparently seeking to abate an alleged public nuisance, plaintiffs who are four union officials and City residents move for a preliminary injunction. That motion is denied and both defendants’ cross motions to dismiss the complaint are granted.
The cause of action against the City rests entirely upon its viability as a taxpayer action under section 51 of the General Municipal Law. Plaintiffs’ grievance is alleged to arise from the method by which Gannett has undertaken to distribute its new daily newspaper, USA Today, throughout the City. Gannett has installed numerous so-called *91 “honor boxes” or “newsracks” on many street corners which are coin operated by the newspaper purchaser. In some cases these newsracks are stabilized by weight; in other instances they are either chained to a post or are affixed to the sidewalk by small screws. With some degree of indignation, undoubtedly fueled by a perceived economic threat to the livelihoods of their respective union members, plaintiffs point to several municipal ordinances contained in the Administrative Code of the City of New York which this distribution technique is claimed to violate: (1) section B32-59.0 which prohibits unlicensed newsstand operation, and (2) sections 693-1.0 and 693-2.0 which prohibit interference with (or injury and/or defacement of) a sidewalk absent written permission from the highway commissioner, which concededly has not been obtained.
Municipal officials are vested with broad discretion as to the manner in which they choose to enforce their local police powers, and the courts have no general mandate to interfere with the exercise of that discretion. The details of municipal administration “are entrusted by the people to officers chosen directly or indirectly by themselves * * * The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and, indeed, such an assumption by it would be contrary to the whole spirit and intent of our government.” (Matter of International Ry. Co. v Schwab, 203 App Div 68, 74, app dsmd 235 NY 562.) These plaintiffs simply lack standing to compel municipal officers to perform what they personally perceive to be their official duty in the context of this case (Gaynor v Rockefeller, 15 NY2d 120; Matter of Walsh v LaGuardia, 269 NY 437; Matter of Perazzo v Lindsay, 30 AD2d 179; Matter of Fried v Fox, 49 AD2d 877; Schwarz v Ferrara, 63 Misc 2d 135). Indeed the City officials here are confronted with even more sensitive discretionary considerations than in those cases above cited; challenged in this instance is distribution of a newspaper by means of access to the public thoroughfares, an enterprise which necessarily presents strong First Amendment claims to protection {Hague v C.I.O., 307 US 496; Flower v United States, 407 US 197; Lovell v Griffin, 303 US 444; Matter of Jackson, 96 US 727; Philadelphia Newspapers v Borough Council, 381 F Supp 228).
*92 Plaintiffs have also failed to state an actionable claim against Gannett based upon the creation of a public nuisance. That is because the complaint contains no allegation of special damages nor on the facts of this case can the pleading be amended to do so. “In the absence of special damage to another, such public nuisance [referring also to a sidewalk interference claim] is subject only to correction at the hands of public authority” (Graceland Corp. v Consolidated Laundries Corp., 7 AD2d 89, 91 [per Breitel, J.], affd 6 NY2d 900). In the Graceland case, Judge Breitel discussed the “well-known” case of Flynn v Taylor (127 NY 596 [which permitted a recovery in a sidewalk obstruction case]) as follows (at p 92): “On the matter of special damages, moreover, there is no requirement that there be directness of such damage, or that there be any particular quantum, before there is a right to a private remedy, such as injunction. Thus, in the Flynn case (supra) which involved an obstruction of the sidewalk, it was emphasized that no direct interference with the plaintiff’s premises or business had been shown. The pivotal circumstance was the diversion of pedestrians from the front of plaintiffs premises. It was held sufficient if the circumstances showed that plaintiff suffered some special damage not common to persons merely using the street for passage. This was also described as too obvious for reasonable dispute.” (Italics added.)
It is obvious that plaintiffs here have not and cannot allege any special damages “not common to persons merely using the streets for passage.” This is insufficient.
Accordingly defendants’ cross motions to dismiss the complaint for failing to state a cause of action are granted and the clerk of this court is authorized and directed to enter judgment in favor of defendants and against plaintiffs dismissing the complaint. Plaintiffs’ motion for a preliminary injunction is denied.