### WEBB v. WEBB.

1. DIVORCE—INJUNCTION—TRANSFER OF PROPERTY.
   The redesignation by insured divorced man of the beneficiaries in his insurance policies constituted a violation of injunction in decree of divorce restraining defendant from "dissipating, disposing of, encumbering, assigning or transferring any of the property of these parties whether owned jointly or individually", especially where the complaint specified that property interests sought to be reached included insurance upon defendant's life and he was properly served in the proceedings.

2. INJUNCTION—TRANSFER OF PROPERTY—DIVORCE—INSURANCE.
   Injunction barring defendant husband in divorce proceedings from transferring property of the parties whether owned

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 17A Am Jur, Divorce and Separation §§ 938, 997.
   Injunction pendente lite in suit for divorce or separation. 164 ALR 321.

jointly or individually was sufficient to cover beneficiary wife's interest in the insurance before redesignation by husband that was attempted shortly before his death less than 9 months later, whatever the property interest in the insurance she may have had.

3. SAME—DIVORCE—VIOLATION—SURVIVAL OF ACTIONS.

Whether or not a divorce action survives death under statute providing that "all actions and claims survive death" is not discussed, where a court has jurisdiction, after death of defendant husband, to order a return to the status before he had redesignated beneficiary under insurance policies in violation of injunction in decree of divorce (CLS 1961, § 600.2921).

4. SAME—TRANSFERS OF PROPERTY—DEATH OF VIOLATOR.

Transfers of property in violation of an injunction are invalid and may be set aside by the surviving party to a divorce suit after death of the violator (CLS 1961, § 600.2921).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted November 3, 1964. (Calendar No. 48, Docket No. 50,610.) Decided May 11, 1965.

Complaint by Julie V. Webb against Stuart P. Webb for absolute divorce and injunction restraining defendant from transferring property. Defendant changed beneficiaries on insurance policies issued him by defendants, Detroit Automobile Inter-Insurance Exchange, a Michigan association, Metropolitan Life Insurance Company, a New York mutual company, and Northwestern Mutual Life Insurance Company, a Wisconsin corporation, now substituted defendants. Frances C. Webb, guardian of Kim E. Webb, Patricia K. Webb, and Michael Webb, minors, and now beneficiaries under the insurance policies, added as party defendant. Restraining order entered against defendant insurance companies restraining them from effectuating change of beneficiaries. Defendant guardian appeals. Affirmed.

*Maurice A. Merritt,* for plaintiff.

*James E. Nichols,* for defendant guardian.

Smith, J. Plaintiff filed a bill for absolute divorce September 4, 1962, and in it sought and obtained immediate injunctive relief. Service of process was duly made upon her husband, Stuart P. Webb, whose counsel thereafter entered a general appearance. Counter pleadings were filed but are not significant in the present determination. We are concerned here with the injunction served upon Mr. Webb which, among other things, restrained him from disposing of property. Four days before his death on May 27, 1963, defendant redesignated the beneficiary under 2 insurance policies, purportedly to eliminate his estranged wife, the plaintiff, as beneficiary. From an order declaring the decedent's act "in violation of injunction and restoring status of plaintiff as life insurance beneficiary", defendant grandchildren appeal.

The bill of complaint enumerates a large number of items under the heading of property, including the following:

"(o) Insurance on the life of the defendant in the face value of $40,000.

"(p) A retirement annuity contract with the defendant's employer, providing for retirement benefits, value unknown."

In the prayer of the complaint an injunction as to property was sought and granted, restraining defendant from "dissipating, disposing of, encumbering, assigning or transferring any of the property of these parties whether owned jointly or individually." The trial judge found that the defendant violated the injunction prior to his death by so changing the beneficiary under the insurance policies and accordingly ordered a return to the status quo, that is, prior to the deceased husband's violation.

We think that the trial judge was eminently correct. In the first place, we agree that the redesignation of beneficiary was in violation of the injunction. Where a party clearly specifies in the complaint property interests sought to be reached in a divorce action, proper service being had upon the opposite party, the injunctive language quoted above is sufficient to inform the enjoined party of what he is restrained. Without the necessity of attempting to delineate whether the wife beneficiary had a contingent interest or a mere expectancy, or some other property interest, the injunction so issued was sufficient to cover the wife's interest in the insurance before redesignation of beneficiary.

Next, we consider it inapt to discuss whether or not a divorce action survives death under PA 1961, No 236, § 2921 (CLS 1961, § 600.2921 [Stat Ann 1962 Rev § 27A.2921]), which provides that "all actions and claims survive death." Only this is necessary. It needs no citation that for violation of injunction, a court, under its general powers, may order a return to the *status quo*. This is what the lower court ordered and what we affirm. Transfers of property in violation of an injunction are invalid and may be set aside by the party to a divorce suit, and subsequent death of the injunction violator does not prevent the court from exercising such power. *Candler* v. *Wallace Candler, Inc.,* 365 Mich 613. See, also, *Candler* v. *Donaldson* (CCA 6), 272 F2d 374.

Affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, O'HARA, and ADAMS, JJ., concurred.

KELLY, J., did not sit.