[No. 7901-5-III.   Division Three.   May 12, 1987.]

STANDARD INSURANCE COMPANY, *Plaintiff,* v. JOANNE
SCHWALBE, *Respondent,* GLENDA RAE
DENT, *Appellant.*

*Gary R. Penar,* for appellant.

*Robert C. Scanlon* and *Dellwo, Rudolf & Schroeder,* for respondent.

THOMPSON, J.—This case involves the efficacy of a beneficiary change on a life insurance policy in violation of a temporary restraining order. The trial court voided the change. We reverse.

William R. Schwalbe filed a petition for dissolution of his marriage to Joanne Schwalbe in Spokane County Superior Court on September 18, 1985. Later, an agreed temporary order was entered which provided, in part:

Neither party shall:

. . .

(x) Assign, transfer, borrow, lapse, surrender or change entitlements to any insurance policies of either or both parties whether medical, health, life or auto insurance.

At that time, Mr. Schwalbe had a group term life insurance policy issued by Standard Insurance Company and provided by Mr. Schwalbe's employer. Mrs. Schwalbe was the sole beneficiary. On November 1, 1985, Mr. Schwalbe changed the beneficiary on the policy, naming Mrs. Schwalbe and Glenda Rae Dent as beneficiaries "equally or the survivor". On December 13, 1985 Mr. Schwalbe took his own life.

A dispute arose between Mrs. Schwalbe and Ms. Dent as

to the ownership of one–half the proceeds of the insurance policy, and Standard Insurance Company started this interpleader action. Standard was dismissed on stipulation of the parties after depositing the disputed proceeds with the court. Both Mrs. Schwalbe and Ms. Dent made motions for summary judgment on their cross claims. The trial court granted Mrs. Schwalbe's motion, finding the temporary order entered in the dissolution action gave the Superior Court jurisdiction over the insurance policy, and Mr. Schwalbe's beneficiary change was void. It awarded the disputed proceeds to Mrs. Schwalbe. Ms. Dent appeals.

The issue is whether the trial court erred in finding it had jurisdiction over a policy of insurance, pursuant to a temporary order entered in the dissolution action, even though one party to the dissolution proceeding died before any final order was entered. This is a case of first impression in Washington. Mrs. Schwalbe contends the Superior Court had jurisdiction to enforce the temporary order entered in the dissolution proceeding by declaring the change of beneficiaries void. She cites a strong public policy that valid court orders are to be obeyed. Ms. Dent, on the other hand, contends the court lost any jurisdiction it may have had to enforce its temporary order through contempt proceedings by the death of Mr. Schwalbe. She also relies upon the rule announced in *Francis v. Francis,* 89 Wn.2d 511, 573 P.2d 369 (1978) that because a spouse has the right to dispose of one–half of the community property upon death, he therefore has the right to designate the beneficiary to one–half the proceeds of a life insurance policy paid for with community funds.

As a preliminary matter, Mrs. Schwalbe argues Ms. Dent did not raise the issue of the court's jurisdiction in the trial court and therefore may not raise the issue on appeal. However, RAP 2.5(a) allows a party to attack trial court jurisdiction for the first time on appeal. Thus, Ms. Dent's argument concerning the trial court's jurisdiction is properly before this court.

It is well settled that a dissolution proceeding abates

upon the death of one of the spouses; thereafter, the court loses jurisdiction over the subject of the dissolution action. *Osborne v. Osborne,* 60 Wn.2d 163, 372 P.2d 538 (1962); *Crockett v. Crockett,* 27 Wn.2d 877, 181 P.2d 180 (1947); *see also Dougherty v. Dougherty,* 24 Wn.2d 811, 167 P.2d 467 (1946); *McPherson v. McPherson,* 200 Wash. 365, 93 P.2d 428 (1939). It follows that the court loses jurisdiction to make any final disposition of property brought before it in an abated dissolution action.

■ Mrs. Schwalbe argues, however, that the Superior Court had inherent power to enforce the temporary order and return the disputed property to the status quo. This ignores the impact of Mr. Schwalbe's death on the authority of the court. The filing of a dissolution petition and the issuance of a "status quo" temporary restraining order does not change the property rights of the parties. *In re Marriage of Pilant,* 42 Wn. App. 173, 177, 709 P.2d 1241 (1985); *In re Estate of Lyman,* 7 Wn. App. 945, 951, 503 P.2d 1127 (1972), *aff'd,* 82 Wn.2d 693, 512 P.2d 1093 (1973). When the temporary order was violated, the court had power to enforce its order by appropriate means, during the pendency of the dissolution action and before Mr. Schwalbe's death. RCW 26.09.060. However, death deprived the court of power to enforce its temporary order, which was only granted to assure certain property would be protected and maintained in status quo for eventual distribution in the property division segment of the dissolution action. The temporary order was not designed to protect any rights Mrs. Schwalbe would have as a widow in the estate of her deceased husband. To allow enforcement of the temporary order after Mr. Schwalbe's death but before a final disposition of the property would give it the effect of a nunc pro tunc final distribution of marital property. Such nunc pro tunc authority is clearly lacking here. *See In re Marriage of Pratt,* 99 Wn.2d 905, 909, 665 P.2d 400 (1983). The temporary order cannot do what Mr. Schwalbe's death prevented the court from doing in a final decree.

Mrs. Schwalbe urges this court to adopt the rationale

followed in *Webb v. Webb,* 375 Mich. 624, 134 N.W.2d 673 (1965). *Webb* held that transfers of property in violation of an injunction are invalid and may be set aside by the other party in the divorce action. The subsequent death of the party violating the injunction does not prevent the court from exercising such power. The *Webb* holding is not persuasive, especially since Michigan is a non–community property state. Under Michigan law, present property interests were involved. Here, the quasi–testamentary act of changing beneficiaries does not, under Washington law, affect any present property interest; the beneficiary has only an inchoate or contingent right prior to death of the insured. *Francis v. Francis, supra* at 514–15.

More on point is *Davis v. Prudential Ins. Co. of Am.,* 331 F.2d 346 (5th Cir. 1964), applying Texas community property law. There, the widow's argument was similar to Mrs. Schwalbe's. She likewise was attempting to void a post–restraining order change of life insurance beneficiaries, where the husband died prior to the final decree of divorce. The court found no merit to the contention the violation of the restraining order voided the change. The court stated:

> Injunctions may be enforced by contempt proceedings, damage actions, or actions to enforce a penalty included within the injunctive order, but they do not, under the circumstances here, operate to void the transfer they prohibit in a suit by the protected party against the transferee.

(Footnote omitted.) *Davis,* at 350. *See also Milewski v. Milewski,* 351 Ill. App. 158, 114 N.E.2d 419, 421 (1953); *Brown v. Agin,* 260 Minn. 104, 109 N.W.2d 147, 153 (1961).

▆ Ms. Dent's entitlement to one–half the policy proceeds is controlled by *Francis v. Francis, supra.* In *Francis,* the court articulated the strong public policy allowing a marital partner to make a quasi–testamentary gift of one–half the proceeds of a life insurance policy purchased with community funds. There, the court stated:

> Thus, the evil of the case was not that it gave the entire proceeds to the surviving spouse, contrary to the

intent of the insured, but that it denied to the insured the right to designate the beneficiary of one–half of the proceeds, being the half attributable to his interest in the policy as community property. We know of no sound reason of public policy which demands such a result. On the contrary the fundamental principles of community property law dictate that each spouse should upon his or her death have the right to dispose of his or her one–half interest in the policy as community property.

*Francis,* at 516.

To allow enforcement by a court in an interpleader action of a temporary order entered in a dissolution action, which abated at the death of one of the spouses, would defeat the strong public policy announced in *Francis* in favor of reviving the court's inherent power to enforce that order. However, allowing a spouse to dispose of one–half the community property upon death by changing the beneficiary of one–half the life insurance proceeds, as in this case, does not diminish the authority of the court to enforce temporary orders, as suggested by Mrs. Schwalbe. Only in those instances where death terminates the dissolution action, and with it the temporary restraining order, will the court lose its inherent power to enforce its order. Once the death occurs and the dissolution action abates, the need for the court to enforce its temporary order and the need for the court to retain jurisdiction over the property to be divided in the dissolution action, as well as the power to do so, no longer exists. We conclude the proceeds of the insurance policy should have been paid according to Mr. Schwalbe's beneficiary designations.

The judgment of the Superior Court is reversed.

McINTURFF, C.J., and GREEN, J., concur.

Reconsideration denied June 18, 1987.

Review granted by Supreme Court September 1, 1987.