[No. 54143–4. En Banc. May 26, 1988.]

STANDARD INSURANCE COMPANY, *Plaintiff*, v. JOANNE SCHWALBE, *Petitioner*, GLENDA RAE DENT, *Respondent.*

*Dellwo, Rudolf & Schroeder, P.S.,* by *Robert C. Scanlon,* for petitioner.

*Gary R. Penar,* for respondent.

DORE, J.—At issue is the efficacy of a beneficiary change on a group term life insurance policy in violation of a preliminary injunction issued in a dissolution action. We hold that a trial court may void a change in beneficiary made in violation of a preliminary injunction and the subsequent death of the violator is no bar to the exercise of such power.

## FACTS

The facts are not in dispute. William Schwalbe filed a petition for dissolution of his marriage to Joanne Schwalbe in September 1985. On October 17, 1985, the trial court awarded temporary custody of the Schwalbes' three minor children to Mrs. Schwalbe and ordered Mr. Schwalbe to pay $400 per month for the support of the children. The court also entered a preliminary injunction which, in relevant part, provided:

Neither party shall:

. . .

Assign, transfer, borrow, lapse, surrender or change entitlements of any insurance policies of either or both parties whether medical, health, life or auto insurance.

Clerk's Papers, at 17. The preliminary injunction was to remain in effect until a final decree of dissolution was entered.

Mr. Schwalbe was insured under a group term life insurance policy provided by his employer and issued by Standard Insurance Company. At the time the preliminary injunction was issued, Mr. Schwalbe had designated his wife as the sole beneficiary. In disregard of the preliminary injunction, on November 1, 1985, Mr. Schwalbe changed the beneficiary from his wife to his wife and Glenda Rae Dent "equally or the survivor." Clerk's Papers, at 20. Mr. Schwalbe committed suicide 1 month later.

Mr. Schwalbe's life was insured in the amount of $62,000. Mrs. Schwalbe received one–half of the policy proceeds. Mrs. Schwalbe and Ms. Dent both claimed the remaining one–half of the proceeds. Confronted by these adverse claims, the insurer brought this interpleader action. The insurer was dismissed on stipulation of the parties after depositing the balance of the policy proceeds with the court. On cross motions for summary judgment, the trial court awarded the disputed proceeds to Mrs. Schwalbe. The trial court held that Mr. Schwalbe's change of beneficiary was in violation of the preliminary injunction and, therefore, void.

The Court of Appeals reversed on the ground that Mr. Schwalbe's death deprived the trial court of jurisdiction to remedy the violation of the preliminary injunction. It further held that the trial court's ruling conflicts with this court's decision in *Francis v. Francis,* 89 Wn.2d 511, 516, 573 P.2d 369 (1978). *Standard Ins. Co. v. Schwalbe,* 47 Wn. App. 639, 737 P.2d 667, *review granted,* 108 Wn.2d 1031 (1987). We granted Mrs. Schwalbe's petition for discretionary review and reverse the Court of Appeals.

ANALYSIS

Ms. Dent contends that Mr. Schwalbe had the right to name her as beneficiary and that her status as named beneficiary entitles her to one–half of the policy proceeds. We disagree.

Generally, where the insured under a group term life insurance policy has the right to change the person who will take as beneficiary, the named beneficiary has a mere expectancy interest in the policy during the insured's lifetime. *Aetna Life Ins. Co. v. Wadsworth,* 102 Wn.2d 652, 656, 689 P.2d 46 (1984). Upon the death of the insured, the named beneficiary's rights vest and the beneficiary becomes entitled to the policy proceeds. *See* RCW 48.24.160. *See generally* 4 G. Couch, *Insurance* §§ 27:57–65 (2d rev. ed. 1984); 5 G. Couch, *Insurance* §§ 28:36–37 (2d rev. ed. 1984).

■ Washington recognizes an exception to these general rules where a life insurance policy is used as security for the payment of child support. In dissolution proceedings, a trial court may order a spouse obligated to pay child support to maintain life insurance for the benefit of minor children as security for the support obligation should the spouse die before the children are emancipated. *Sutherland v. Sutherland,* 77 Wn.2d 6, 10–11, 459 P.2d 397 (1969); *Riser v. Riser,* 7 Wn. App. 647, 650, 501 P.2d 1069 (1972); *see generally* Annot., *Divorce: Provision in Decree That One Party Obtain or Maintain Life Insurance for Benefit of Other Party or Child,* 59 A.L.R.3d 9 (1974).[1] Where a life insurance policy is used as security for child support, equities arise in favor of the children that preclude the insured's right to change beneficiaries.

In *Aetna Life Ins. Co. v. Bunt,* 110 Wn.2d 368, 754 P.2d 993 (1988), the final decree of dissolution incorporated a

---

[1]Ms. Dent does not argue, therefore we do not decide, whether the intended effect of the preliminary injunction was to limit the right of Mrs. Schwalbe and her children to only those policy proceeds necessary to discharge Mr. Schwalbe's future support and maintenance obligations. *See In re Marriage of Donovan,* 25 Wn. App. 691, 698–99, 612 P.2d 387 (1980); *Riser v. Riser,* 7 Wn. App. 647, 650–51, 501 P.2d 1069 (1972).

separation agreement whereby the husband agreed to pay child support. The decree ordered the husband to name the parties' two minor children as irrevocable beneficiaries of his life insurance policy. The husband remarried and contrary to the express order of the court changed the beneficiary to his second wife. The husband died and the minor children and the second wife claimed they were entitled to the proceeds.

In resolving the conflicting claims to the policy proceeds we stated:

> The competing interests are simply a party who was designated as beneficiary contrary to express court order and a party for whose benefit the court ordered the policy to be maintained. As between these two conflicting interests, the court order should be enforced and the proceeds distributed to the minor children.

*Bunt,* at 376. *Bunt* recognized that a dissolution can raise special concerns about the financial support of children and that it is the policy of this State to protect children in dissolution proceedings. Accordingly, we held that the children acquired an equitable interest in the proceeds and invalidated the husband's change of beneficiary. *Bunt,* at 379–80. *Accord, Puckett v. Puckett,* 41 Wn. App. 78, 81–83, 702 P.2d 477, *review denied,* 104 Wn.2d 1018 (1985), *overruled on other grounds in Porter v. Porter,* 107 Wn.2d 43, 52–53, 726 P.2d 459 (1986); *Crozier v. Equitable Life Assur. Soc'y of United States,* 33 Wn. App. 828, 830–31, 658 P.2d 39, *review denied,* 99 Wn.2d 1014 (1983), *overruled on other grounds in Porter v. Porter,* 107 Wn.2d 43, 52–53, 726 P.2d 459 (1986).

To date, this court and the Court of Appeals have been presented only with cases involving the violation of a security–for–support provision contained in a final decree of dissolution, whereas this case involves the violation of a preliminary injunction issued before entry of a final decree. This distinction is irrelevant. In both situations valid court orders were entered which gave rise to equities in favor of the children the orders were intended to protect. Because

the equities are similar, we are of the opinion that the rules and principles enunciated in *Bunt* are applicable in this case.

In a dissolution action, a trial court may issue an order "for temporary maintenance or support in such amounts and on such terms as are just and proper in the circumstances." RCW 26.09.060(4). It is also within the power of the court to issue a preliminary injunction to restrain either party from transferring or disposing of the marital property. RCW 26.09.060(2)(a).

Pursuant to this authority, the trial court ordered Mr. Schwalbe to pay temporary child support and entered a preliminary injunction in the nature of a security–for–support provision which enjoined Mr. Schwalbe from changing the beneficiary named in his life insurance policy. The stated purpose of the preliminary injunction was to protect "the best interests of the minor child(ren)." Clerk's Papers, at 17. To give effect to Mr. Schwalbe's change of beneficiary would nullify the purpose of the trial court's order. Under these circumstances, Mrs. Schwalbe and the children obtained an equitable interest in the policy which precluded Mr. Schwalbe from changing the beneficiary during pendency of the dissolution suit.

Dent argued, and the Court of Appeals agreed, that the trial court lost jurisdiction to remedy the violation of its preliminary injunction because the underlying dissolution action, and the injunction, abated upon the death of Mr. Schwalbe. *Schwalbe,* at 641–43. Other jurisdictions dealing with factually similar cases have adopted this approach. *E.g., Briece v. Briece,* 703 F.2d 1045, 1047 (8th Cir.) (Illinois law), *cert. denied,* 464 U.S. 850 (1983); *Milewski v. Milewski,* 351 Ill. App. 158, 162–63, 114 N.E.2d 419 (1953); *Hook v. Hook,* __ Ohio App. 3d __, 519 N.E.2d 687, 689 (1987).

We agree that a dissolution action ordinarily abates upon the death of one of the spouses. *See In re Marriage of Pratt,* 99 Wn.2d 905, 908, 665 P.2d 400 (1983). However, a mechanistic application of the rule under the circumstances

present here loses sight of the real issue: Whether a trial court has the power to order a return to the status quo to remedy the deliberate violation of a valid court order.

Other courts have held that a trial court has the power to void the disposal of marital property in violation of its injunction. In *Webb v. Webb,* 375 Mich. 624, 134 N.W.2d 673 (1965) the court considered the same circumstances and conditions as the instant case and held:

> [A] court, under its general powers, may order a return to the *status quo.* . . . Transfers of property in violation of an injunction are invalid and may be set aside by the party to a divorce suit, and subsequent death of the injunction violator does not prevent the court from exercising such power.

*Webb,* at 627. *Accord, Briece,* at 1048–49 (Harris, J., dissenting); *Irvin v. Irvin,* 93 Mich. App. 770, 772, 286 N.W.2d 920 (1979); *Hook,* at 694 (Matia, J., dissenting); *Lindsey v. Lindsey,* 342 Pa. Super. 72, 76, 492 A.2d 396 (1985); *see Candler v. Donaldson,* 272 F.2d 374, 377 (6th Cir. 1959); *In re Jackson,* 402 So. 2d 753, 759–60 (La. Ct. App. 1981). We agree with this general principle. It is the duty of courts to enforce their orders. Thus, the death of a party while a dissolution action is pending does not deprive a trial court of its discretion to order a return to the status quo or to treat a transaction invalid where an injunction has been violated.

The customary procedure by which an injunction is enforced or its violation punished is through a contempt proceeding. *See Decker v. Decker,* 52 Wn.2d 456, 465, 326 P.2d 332 (1958). At the time this action was brought, Mr. Schwalbe was deceased thus precluding a remedy at law in the form of a contempt proceeding. Recognizing that no remedy at law was available, the trial court can resort to its equity powers. *Orwick v. Seattle,* 103 Wn.2d 249, 252, 692 P.2d 793 (1984). We are of the opinion that the equitable maxim "[e]quity requires that to be done which ought to have been done" is applicable in this case. *Paullus v. Fowler,* 59 Wn.2d 204, 214, 367 P.2d 130 (1961). Applying this maxim, we hold that the trial court had the power to award

the insurance proceeds to Mrs. Schwalbe, the named beneficiary protected by the preliminary injunction.

Finally, Ms. Dent argues that voiding Mr. Schwalbe's change of beneficiary conflicts with this court's holding in *Francis v. Francis,* 89 Wn.2d 511, 573 P.2d 369 (1978). In *Francis* we held that where a life insurance policy is purchased with community property, the insured may designate a person other than his or her spouse as beneficiary of one–half of the policy proceeds. *Francis,* at 516. *Francis* recognizes that designation of a beneficiary is quasi testamentary and, therefore, the insured spouse can make a gift of his or her one–half interest in the policy proceeds without the consent of the noninsured spouse.

Ms. Dent's reliance on *Francis* is misplaced. *Francis* did not involve a court order prohibiting a change in beneficiary. Our cases have consistently recognized that in a dissolution proceeding the right of an insured spouse to deal freely with a group term life insurance policy may be limited by a valid court order. *See, e.g., Bunt,* at 379–80; *Kirk v. Continental Life & Accident Co.,* 85 Wn.2d 85, 88–89, 530 P.2d 643 (1975); *Riser,* at 650.

## Conclusion

We conclude that a trial court has the authority stemming from its equity jurisdiction to set aside a change in beneficiary which violated a preliminary injunction issued in a dissolution proceeding. Accordingly, the proceeds of Mr. Schwalbe's life insurance policy should be paid to Mrs. Schwalbe, the beneficiary protected by the injunction.

The decision of the Court of Appeals is reversed and the trial court judgment shall be reinstated.

PEARSON, C.J., BRACHTENBACH, DOLLIVER, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.