VALLEY FORGE LIFE INSURANCE COMPANY, Plaintiff,

v.

Geraldine DELANEY, Kristen Delaney Atteberry, Constance D. Brown, John D. Delaney, Jr., Defendants.

No. 6:01–CV1169–ORL28KRS.

United States District Court, M.D. Florida, Orlando Division.

Dec. 23, 2002.

Mark S. Shapiro, Akerman Senterfitt, Miami, FL, for Plaintiff.

James C. McClendon, II, Weaver & McClendon, PA, Lake Wales, FL, J. Randolph Liebler, Liebler, Gonzalez & Portuondo, P.A., Miami, FL, for Defendants.

**ORDER**

ANTOON, District Judge.

Valley Forge Life Insurance Company ("Valley Forge") brought this interpleader

action to determine the rightful recipient of John D. Delaney, Sr.'s ("John") $360,000 life insurance policy benefits ("the Policy"). John's wife, Geraldine Delaney ("Geraldine"), and his children from a prior marriage, Kristen Delaney Atteberry, Constance D. Brown and John D. Delaney, Jr. ("the Children"), dispute the identity of the rightful beneficiary.

This cause comes before the Court on Geraldine and the Children's cross-motions for summary judgment. (Doc. 36, filed June 5, 2002; Doc. 52, filed September 12, 2002.) Both parties have filed responses in opposition. (Doc. 45, filed July 5, 2002; Doc. 54, filed October 23, 2002.) Upon consideration of these documents and the record, the Court concludes that the Children's motion for summary judgment shall be granted and Geraldine's motion for summary judgment shall be denied.

## I. BACKGROUND

John and Geraldine married in Florida on June 18, 1990. At that time, John's assets exceeded $3.2 million. The couple did not sign an antenuptial agreement. On April 12, 1991, Valley Forge issued the Policy to John, who designated Geraldine as his beneficiary. John and Geraldine had no offspring; the Children are from John's previous marriage.

In 1999, doctors diagnosed John with terminal bone cancer. While hospitalized, John believed that Geraldine became involved in an extramarital affair, and he initiated divorce proceedings against her in state circuit court. Upon Geraldine's *ex parte* motion, the state circuit court entered a temporary injunction on January 26, 2001, ordering John not to "conceal, damage, or dispose of any asset, marital or non-marital, whether jointly or separately owned ...." (Doc. 36, Exhibit C.) On March 13, 2001, the state court issued another injunction ordering John to maintain Geraldine as the beneficiary of the Policy. (Doc. 36, Exhibit D.) John's attorney attended this proceeding. The state court issued a similar order on April 5, 2001. (Doc. 36, Exhibit E.) Again, John's attorney attended the proceeding. These orders were ostensibly entered for the purpose of maintaining the status quo until entry of the final judgment of dissolution of marriage.

Disregarding the injunction, John changed the Policy's beneficiary from Geraldine to the Children on July 3, 2001. On July 25, 2001, he died. At the time, divorce proceedings were not finalized, and the state court dismissed the action. Both Geraldine and the Children claimed the proceeds of the Policy, and Valley Forge initiated this interpleader action to determine the rightful beneficiary. Valley Forge paid the proceeds of the Policy into the Court's registry and has subsequently been dismissed from the case. (Doc. 27.)

Geraldine argues that the beneficiary change in defiance of the divorce court's injunction is void, even though the injunction awarded her no property rights. The Children contend that the beneficiary change is valid despite the injunction because the divorce court's order vested no property rights in Geraldine.

## II. DISCUSSION

### A. Summary Judgment

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-

tled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy its burden. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories or admissions that designate specific facts indicating there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. *Anderson*, 477 U.S. at 249–50,

106 S.Ct. 2505. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

### B. Temporary Injunctions in Divorce Proceedings

Florida statutory law provides for issuance of an injunction in a divorce case where "either party is about to remove himself or his property out of the state, or fraudulently convey or conceal it ...." Fla. Stat. § 66.11 (1991). Florida courts routinely issue injunctions to prevent dissipation of marital property pending entry of judgments dissolving marriages. *See, e.g., Gooding v. Gooding*, 602 So.2d 615, 616 (Fla. 4th DCA 1992); *Woodrum v. Woodrum*, 590 So.2d 1093, 1094 (Fla. 3d DCA 1991); *Rouse v. Rouse*, 313 So.2d 458, 460 (Fla. 3d DCA 1975).

### C. Effect of Disregarding a Divorce Court's Temporary Injunction

■ The effect of making a beneficiary change in defiance of a divorce court's injunction presents a matter of first impression in Florida, but a number of courts have been faced with this issue. In each instance, the factual scenario is roughly identical to the instant case: a policyholder subject to an injunction entered in a divorce proceeding changes the beneficiary of the policy, then dies before the divorce proceeding concludes. Courts have resolved this issue in two distinct ways.[1] Some courts hold that the violation of a temporary injunction does not automatical-

---

1. Some courts disregard divorce court injunctions because they do not clearly specify that life insurance beneficiaries should not be changed and instead refer generically to "marital property." *See, e.g., Gleed v. Noon*, 415 Mass. 498, 614 N.E.2d 676, 678 (1993) (holding that "absent a specific court order preventing or prohibiting the beneficiary

change, the decedent had the right to change the beneficiary of ... the life insurance policy while retaining ownership in compliance with the injunction"). As the injunction in the instant case refers specifically to life insurance policies, however, these decisions are not on point.

ly void a beneficiary change. *See Davis v. Prudential Ins. Co.,* 331 F.2d 346, 348 (5th Cir.1964) (applying Texas law) (stating that "there is no merit in the contention that this change of beneficiary and transfer of proceeds were void because in violation of injunctive orders"); *Briece v. Briece,* 703 F.2d 1045, 1047 (8th Cir.1983) (affirming a district court's grant of summary judgment for the new beneficiary and deciding that "to so recognize the temporary restraining order would be to give it the effect of a final distribution of marital property"); *Am. Fam. Life Ins. Co. v. Noruk,* 528 N.W.2d 921, 923 (Minn. App.1995) (affirming a trial court's legal conclusion and holding that "when one of the parties dies, however, a temporary restraining order has no effect and the court's jurisdiction to enforce it ends"). This is consistent with the general proposition that violation of an injunction is enforceable in personam and not in rem. *See In re Demis,* 191 B.R. 851, 859 (Bankr. D.Mont.1996) (explaining that "[c]ourts have so refused to nullify acts done in violation of an injunction because an injunction is in personam, not in rem") (citing *All Minerals Corp. v. Kunkle,* 105 Nev. 835, 784 P.2d 2, 4 (1989)).

Other courts hold that the violation of a temporary injunction does automatically void a beneficiary change. *See Webb v. Webb,* 375 Mich. 624, 134 N.W.2d 673, 674 (1965). In upholding a trial judge's order restoring the original beneficiary, the *Webb* court held that "it needs no citation that for violation of injunction, a court, under its general powers, may order a return to the status quo." *Id.; see also Cent. States, Southeast & Southwest Areas Pension Fund v. Howell,* 227 F.3d 672, 675 (6th Cir.2000) (citing *Webb*); *Standard*

*Ins. Co. v. Schwalbe,* 110 Wash.2d 520, 755 P.2d 802, 805 (1988) (same); *Irvin v. Irvin,* 93 Mich.App. 770, 286 N.W.2d 920, 921 (Mich.App.1979) (citing *Webb,* but upholding beneficiary change on equitable grounds).

Faced with sharply divergent holdings, the Court finds that for two reasons, the first line of cases presents a more well-reasoned, flexible and correct rationale. First, avoiding a *per se* rule which voids beneficiary changes resonates clearly with traditional contract law. Indeed, at the very heart of this inquiry lies a simple contract. Restated, the issue before the Court is whether a validly-executed contract amendment should be voided solely because it was conducted in defiance of an injunction. Geraldine herself opines that "acts done in violation of an injunction may not be void *per se.*" (Doc. 54 at ¶ 7.) The Court agrees that there is no support for such a wide-ranging statement.

Second, avoiding a *per se* rule which voids beneficiary changes prevents the improper creation of property rights. While the divorce court entered the injunction against John in an effort to maintain the status quo pending the issuance of a divorce decree, neither party argues that the injunction conveyed any property rights. The injunction clearly was not an award of alimony or a distribution of marital assets under Florida law. *See* Fla. Stat. § 61.08 (alimony); Fla. Stat. § 61.075 (property disposition). Alimony and distribution of marital assets are the only means by which a court may transfer assets belonging to one spouse to the other. The injunction did not operate as a transfer of a property interest to Geraldine.[2] A *per se* rule voiding the beneficiary change would effective-

2. Geraldine's efforts to analogize cases in    which policyholders assign new life insurance

ly award property rights, thus entitling Geraldine to reap a surviving spouse's probate benefits while contemporaneously allowing her to exploit a divorce court's injunction. For the foregoing reasons, the Court declines to adopt such a rule.

■ This is not to say, however, that a removed beneficiary is without recourse. Such an aggrieved party has at least two options. First, the party may contest the beneficiary change on the traditional contract grounds of, *inter alia,* actual or constructive fraud, duress, abuse of confidential relationship, mistake or undue influence. *See Prince v. Bryant,* 87 Wis.2d 662, 275 N.W.2d 676, 678 (1979). Geraldine makes none of these arguments.

■ Second, the aggrieved party may request that the court weigh the equities of the former and current beneficiaries and impose a constructive trust in his or her favor. "A constructive trust is imposed by a court of equity to prevent unjust enrichment arising when one party receives a benefit the retention of which would be unjust as against the other." *Id.* In weighing the equities, a court should carefully consider all relevant factors in a fact-based inquiry. *See id.* (remanding for evidentiary hearing); *Wilharms v. Wilharms,* 93 Wis.2d 671, 287 N.W.2d 779, 784 (1980) (remanding for evidentiary hearing to consider relevant factors such as ultimate distribution of the marital estate, debts incurred during marriage and the surviving spouse's conduct prior to commencement of the divorce action). In this case, Geraldine makes no equitable arguments and does not request the imposition of a constructive trust.

Instead, Geraldine insists that "the sole issue to be decided by the Court is wheth-

er the circuit court's injunction dated April 5, 2001 defeats the Children's claim under the July 3, 2001 change of beneficiary." The Court holds that it does not, noting that while this was not the only avenue of legal recovery open to Geraldine, it was the only one which she elected to take. As such, her motion for summary judgment must be denied.

As undisputed beneficiaries of a valid and legally-executed contract amendment, and in the absence of a *per se* rule voiding the transaction, the Children are the rightful beneficiaries of the Policy. As such, their motion for summary judgment must be granted.

### III. CONCLUSION

The Court finds that the undisputed facts as well as the reasonable inferences drawn therefrom do not establish a genuine issue of material fact that would justify bringing this lawsuit to trial. Accordingly,

1. The Children's motion for summary judgment (Doc. 52, filed September 12, 2002), is **GRANTED**;

2. Geraldine's motion for summary judgment (Doc. 36, filed June 5, 2002), is **DENIED**.

3. Within fifteen (15) days of the date this Order is filed, the Children shall provide the Court with their Social Security numbers, current mailing addresses and the manner in which the policy proceeds should be distributed from the Court Registry.

beneficiaries in defiance of a final divorce decree are without merit. (Doc. 36 at 5.) A

final divorce decree vests property interests; injunctions do not.