In re the **MARRIAGE OF** Brenda L. **DRISCOLL** and Gerald J. Driscoll.

**Upon The Petition of**

**Brenda L. Driscoll, Appellee,**

**And Concerning**

**Gerald J. Driscoll, Appellant.**

No. 96–74.

Court of Appeals of Iowa.

March 28, 1997.

Timothy S. White and Allison M. Heffern of White & Johnson, P.C., Cedar Rapids, for appellant.

Robert L. Sudmeier and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Heard by HABHAB, C.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

***Background facts.*** Brenda and Gerald Driscoll were married on September 29, 1984, and they separated in September 1994. Each had children from previous marriages, but no children were born of this marriage. Brenda was born October 31, 1947, and since 1990 she has owned and operated a cafe in Dubuque. Gerald was born March 12, 1941, and has worked for John Deere since 1964. On January 3, 1996, the district court filed a judgment and decree dissolving the parties' marriage.

Gerald appeals.

***Scope of review.*** In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

### I. Property division

**a. Valuation date and 401(k) plan.** Gerald maintains that the district court incorrectly valued his pension and 401(k) plans as of the date of trial rather than at the time of the parties' separation. The Driscolls separated about September 9, 1994, and the trial was November 30, 1995. Gerald's 401(k) plan increased in value $6253 during that time.

To make an equitable distribution of assets, the court must first determine

what assets are available to be allocated between the spouses. To do this, the court must identify and value the assets of the parties held both jointly and separately. The value of the assets then should be determined as of the date of trial. *Locke v. Locke,* 246 N.W.2d 246, 252 (Iowa 1976); *In re Marriage of McLaughlin,* 526 N.W.2d 342, 344 (Iowa App.1994); *In re Marriage of Klein,* 522 N.W.2d 625, 628 (Iowa App.1994).

Next, a determination must be made as to the equitable allocation of those assets. Assets are then equitably, not necessarily equally, divided under the circumstances after considering the criteria delineated in Iowa Code section 598.21(1).

Consideration is given to dividing marital assets, "accumulated through the joint efforts of the parties," *In re Marriage of Hass,* 538 N.W.2d 889, 892 (Iowa App.1995); *see In re Marriage of Havran,* 406 N.W.2d 450, 452 (Iowa App.1987); *In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981); *Knipfer v. Knipfer,* 259 Iowa 347, 353, 144 N.W.2d 140, 143 (1966).

In *In re Marriage of Oakes,* 462 N.W.2d 730 (Iowa App.1990), this court did not allow the wife to benefit from the increase in her husband's pension plan which accrued from the time of separation to the time of trial. The court reasoned that as the wife had not contributed to the growth of the assets, she should not share in the increase. *Oakes,* 462 N.W.2d at 733. Such reasoning infers that the husband should be rewarded for the growth of the assets merely because the pension plan was from his employment. However, the assets in the pension plan grew because the stock market went up, with no apparent help from *either* party. It is unlikely the husband would have sought to use the date of separation to value his pension fund if the value had *decreased* by the date of trial. Moreover, had the pension plan money been sitting in an interest-bearing bank account, or had it been invested in real estate, and the value increased following the parties' separation, we would look to the trial date to fix the values.

■ There may be occasions when the trial date is not appropriate to determine values. Equitable distributions require flexibility and concrete rules of distribution may frustrate the court's goal of obtaining equitable results. For example, when parties separate several years before even filing a petition for dissolution of marriage, an alternate valuation date is appropriate. *See, e.g, In re Marriage of Tzortzoudakis,* 507 N.W.2d 183 (Iowa App.1993) (filing of dissolution petition thirty years after separation of the parties). Hence, we are not locked into a set date as it is inherent in the court's equitable powers, to make appropriate adjustments, according to the unique facts of each case. *In re Marriage of Starcevic,* 522 N.W.2d 855 (Iowa App.1994).

In this case, we find no reason to depart from using the date of trial as the date of valuing the 401(k) plan. A marital asset increased following separation but was correctly divided according to its value at the time of trial.

■ *b. Valuation of cafe.* The district court assigned a value of $20,000 to Brenda's cafe and allocated this amount to her. Gerald believes that Brenda was skimming significant sums of cash out of the business and, but for this skimming, the cafe would have a higher value. Brenda admits that several years ago, she would pay employees up to $600.00 per year in cash without withholding taxes but discontinued the practice upon learning it was inappropriate to do so. The court found no proof in the record to support Gerald's allegation that Brenda had been skimming from the cafe's profits. We affirm the trial court's valuation of the cafe.

■■ *c. Child support, and prior alimony payments.* Gerald argues the district court erred in not including the child support Brenda received from her prior husband, as a marital asset or, in the alternative, not allowing him an offset of the alimony he paid to his former wife.

■ We follow the general concept of the shared enterprise theory wherein each spouse is entitled to share only the property that is acquired by the joint efforts of the spouses during the marriage. *See In re Marriage of Francis,* 442 N.W.2d 59 (Iowa 1989). The child support received by Brenda

for her children was not the product of the parties' joint efforts during marriage; thus, the trial court was correct in recognizing the child support was non-marital property, not subject to division between the parties. The social security income Gerald received for his children was treated in the same manner. The alimony payments made by Gerald to his former wife, however, were paid out of marital property.

What Gerald is really asking us to do with both his child support and alimony arguments is to review the income sources and expense allocations of this marriage. To do so with any degree of accuracy, we would be forced to delve into a complete accounting of the parties' income and expenses during the marriage. We find that an impossible task, uncalled for under Iowa law. Instead, the trial court makes an assessment of whether there appears to be an accurate accounting of the marital assets at the time of trial. The court makes its findings from both the evidence presented and the credibility of the witnesses. An equitable distribution is then made. We find this is the accepted manner to divide marital assets according to our case and statutory law. We will not disturb the trial court's ruling on the manner in which the child support and alimony were considered.

■ **d. Life Insurance.** Brenda was awarded three life insurance policies worth a total of $15,329. The trial court correctly concluded the whole life insurance, having a cash value, was obtained after the parties' marriage and is thus clearly marital property.

■ **e. Valuation of residence and vehicles.** The district court adopted Brenda's valuations of the parties' home and vehicles as listed on her financial affidavit. The court accepted the value of the homestead at $127,-500 as derived by an appraiser and included on Brenda's financial affidavit. *See In re Marriage of Higgins,* 507 N.W.2d 725, 726 (Iowa App.1993) (accepting valuation based upon affidavit of financial status). The value of the property determined by the district court was well within the permissible range

of evidence, and we will not disturb it upon appeal. *See In re Marriage of Alexander,* 478 N.W.2d 420, 422 (Iowa App.1991); *In re Marriage of Huisman,* 532 N.W.2d 157, 160 (Iowa App.1995).

■ Gerald contests the trial court's valuation of the vehicles. An owner may qualify as competent to testify as to the value of personal property. *Beneficial Finance of Black Hawk County v. Reed,* 212 N.W.2d 454, 459 (Iowa 1973). Brenda testified to the value of $21,125 for the Ford Explorer and $16,150 for the Mercury Cougar as of October 1995, relying on valuations obtained from Dupaco and Anderson–Weber. Again, the trial court's valuations were within the permissible range of evidence and we will not disturb them on appeal. *Huisman,* 532 N.W.2d at 160.

■ **II. Attorneys fees.** The trial court allocated to Gerald's share of the marital property that amount of attorneys fees that Gerald had already paid to his attorneys— $9,000. Gerald had voluntarily paid this amount out of marital assets in lieu of the available free legal services from any number of attorneys through the Hyatt legal plan from his employer, John Deere. We affirm the trial court's decision that Gerald pay $9,000 of Brenda's attorney fees.

**III. Supersedeas bond.** Gerald's appeal with respect to the issue of the supersedeas bond is moot in light of this court's February 16, 1996, order.

**IV. Appendix.** We remind the parties the entire record has been made available to us for review. The voluminous appendix submitted on this appeal detracts from the clarity of the arguments and increases the cost for the parties. We encourage restraint in compiling the appendix for the benefit of all.

**AFFIRMED.**