**IN THE COURT OF APPEALS OF IOWA**

No. 14-0525
Filed April 22, 2015

**IN RE THE MARRIAGE OF ANDREA LYNN VENTEICHER
AND LEE ALAN VENTEICHER**

**Upon the Petition of**
**ANDREA LYNN VENTEICHER,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning**
**LEE ALAN VENTEICHER,**
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Allamakee County, Margaret L.

Lingreen, Judge.

        The parties appeal and cross-appeal from the district court decree

dissolving their marriage. **AFFIRMED AS MODIFIED.**

        Laura J. Parrish of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C.,

Decorah, for appellant.

        Erik W. Fern of Putnam Law Office, Decorah, for appellee.

        Heard by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Andrea and Lee Venteicher, both thirty-seven years old, married in 2003 and divorced in 2014. On appeal and cross-appeal, they take issue with the property and spousal support provisions of the dissolution decree.

## I.    *Background Facts and Proceedings*

Andrea obtained a medical degree in 2003, the same year as the marriage. She entered the marriage with "a little less" than $100,000 in student loan debt and immediately began a residency program. Three years later, she accepted a position at a clinic in Waukon, Iowa. At the time of trial, she was earning $379,285 annually.

Lee was pursuing a graduate degree in philosophy when he married Andrea. He entered the marriage with no undergraduate student loans and he paid off graduate school obligations with his earnings as a teaching assistant. Lee obtained a master's degree, entered a Ph.D. program, and completed all but his dissertation before moving to Waukon with Andrea. Although he stated it was possible to finish his dissertation from afar, he elected not to do so. He worked part-time at jobs unrelated to his graduate studies, while also spending considerable time investing Andrea's earnings and managing the couple's land holdings. As a result of his financial acumen, the couple amassed significant assets. At the time of trial, Lee earned approximately $13.50 per hour as a part-time tax preparer. Following the divorce, he hoped to return to school and obtain a medical degree.

Lee sought rehabilitative alimony to assist with his education plans. The court declined the request, reasoning the property division afforded him "more

assets than Andrea," including "a house free of debt, as well as cash in bank accounts and savings bonds." The court granted Andrea $1,178,766 and Lee $984,541 in assets but assigned all the debt to Andrea, leaving her with net assets of $808,110.

Following entry of the dissolution decree, Lee moved to reopen the record for consideration of the parties' inheritances. The district court denied the motion. Lee appealed and Andrea cross-appealed.

Lee challenges the district court's treatment of (A) inherited funds, (B) Andrea's student loan, (C) Andrea's health reimbursement arrangement, and (D) a pension plan. He also argues he should have been awarded spousal support. Andrea takes issue with the court's valuation of a life estate and the court's overall property division scheme.

## II.    Property Distribution

### A.    Inheritances

Iowa Code section 598.21(6) (2013) states:

> Property inherited by either party . . . prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.

Pursuant to this provision, Lee contends the district court should have set aside to each party inheritances received by both during the marriage. He asserts "[i]t is unclear if, or how, [the inheritances] were addressed by the district court, as they are simply not mentioned."

On our de novo review, we are persuaded the district court acted equitably on the inheritance front. The court stated it was obligated to "divide all property,

*except inherited or gifted property received by one party*, equitably between the parties." (Emphasis added.) The couple's inherited funds were not among the divisible assets listed in the decree. Accordingly, we presume the court excluded them.

### B.    Andrea's Student Loan

Lee contends the district court acted inequitably in including Andrea's outstanding balance on her student loan among the divisible marital debts. We agree.

This court recently reiterated that student debt incurred prior to the marriage is "a nonmarital obligation." *In re Marriage of Campbell*, No. 13-1383, 2014 WL 1999231, at *5 (Iowa Ct. App. May 14, 2014). Consistent with this principle, Andrea's student loan balance of $57,519 should not have been deemed divisible debt. We conclude Lee should receive half the value of this outstanding balance, which is $28,759. We modify the decree to require Andrea to pay Lee this sum within ninety days of the issuance of procedendo.

Lee also argues he should receive a credit because Andrea's $100,000 student loan was paid down with marital funds. *See Campbell*, 2014 WL 1999231 at *5 (affording party "credit for half of the amount of principal reduction" of other party's student loan debt). We disagree. Because Andrea generated the vast majority of the couple's earnings, the debt was essentially paid down with her funds. Accordingly, we decline Lee's request for a credit.

### C.    Health reimbursement arrangement

Lee asserts the district court should have divided $10,532 in Andrea's "health reimbursement arrangement." Andrea responds that the funds were

deposited into the account by her employer and, pursuant to an Internal Revenue Service publication, did not constitute income.

This court has included health savings accounts in the property subject to division. *See In re Marriage of Severin*, No. 13-1385, 2014 WL 3931823, at *8 (Iowa Ct. App. Aug. 23, 2014). Here, the district court made no mention of the account. While the court could have included and divided the account value, the failure to allocate an additional $5266 was equitable because, as discussed, the parties amassed significant assets and Lee received a generous portion of the assets. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) ("We will disturb the district court's 'ruling only when there has been a failure to do equity.'") (citation omitted).

### D. Andrea's Pension Plan

Lee takes issue with the district court's division of Andrea's pension plan. He asserts "[u]nder the formula described by the Court to divide the plan, Lee would not be entitled to one-half of that final contribution, as it was not made until shortly following the conclusion of the trial."

The district court invoked and applied the pension-division formula endorsed in *In re Marriage of Benson*, 545 N.W.2d 252, 255-57 (Iowa 1996). We discern no failure to do equity.

### E. Valuation of Life Estate

On cross-appeal, Andrea asserts the district court should have rejected Lee's trial estimate of the value of a life estate on 205 acres of real estate. Preliminarily, she takes issue with certain exhibits proffered by Lee. We find it unnecessary to address her objection to the exhibits because Lee's trial

testimony together with his final affidavit of financial status included the same information. *See Holcomb v. Hoffschneider*, 297 N.W.2d 210, 213 (Iowa 1980) ("In ascertaining the value of property, its owner is a competent witness to testify as to its market value."); *In re Marriage of Driscoll*, 563 N.W.2d 640, 643 (Iowa Ct. App. 1997) (accepting value included in financial affidavit).

At trial, Lee assigned a value of $364,445 to the life estate. He explained the value was higher than an older figure because the property had appreciated. We discern no failure to do equity in the court's acceptance of this value.[1]

### F.    Equal Division of Assets

Andrea suggests the district court should have divided the property equally. Her argument ignores Lee's significant efforts in enhancing the value of the property and the large disparity in the parties' incomes. We see no reason to disturb the property division scheme except to the extent the court included Andrea's student loan obligation in the divisible debts.

### III.    Rehabilitative Alimony

As noted, the district court declined to grant Lee spousal support. He contends he should have received $8600 per month for approximately three years to facilitate further education and allow him to live in the manner to which he was accustomed. Andrea argues spousal support is not justified, given the large property award Lee received.

Rehabilitative alimony is intended to support a dependent spouse through a limited period of reeducation or retraining. *In re Marriage of Becker*, 756

---

[1] We note Lee's value was lower than a value which would obtain by application of the "Tables for life estates and remainders," included in the 2013 and 2015 versions of the Iowa Code. *See also* Iowa Admin. Code r. 701-86.7(450).

N.W.2d 822, 826 (Iowa 2008). Lee is young, physically healthy, educated, and the beneficiary of significant assets and no debt—all factors militating against an award.

At the same time, Lee single-handedly augmented the couple's wealth, sometimes spending between four and twelve hours a day on investment-related activities. Additionally, his earnings as a tax preparer amounted to a tiny fraction of the couple's income. *See In re Marriage of Hansen*, 733 N.W.2d 683, 704 (Iowa 2007) (finding support for alimony award based on "comparative income of the parties"). While Andrea suggested he could have obtained a teaching position at one of several local colleges, his earnings as a philosophy professor also would have paled in comparison to Andrea's earnings. As Lee testified, "the value of [Andrea] being able to practice in a small town in Iowa was more valuable than me being able to teach, and the standard practice for philosophy Ph.D.s who aren't very employable unfortunately is to send out a hundred CVs and if somebody bites, you go there."

Lee moved to Waukon because of Andrea and stayed because of Andrea. In his words, "we came [to Waukon] to try to build something together, and we built it, and then when it was done, I was asked to leave." He is entitled to spousal support.

We turn to the amount of a support award. Lee testified his request for $8600 per month for thirty-seven months essentially amounted to thirty-three percent of Andrea's entire compensation package. This sum is excessive in light of his age and prior education. We believe $3500 per month for three years will allow him to complete relevant undergraduate course work, should he elect to

pursue a medical degree as he stated, and will allow him to move forward with graduate studies.

### IV.    *Appellate Attorney Fees*

Lee requests appellate attorney's fees. An award rests in this court's discretion. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Given the disparity in incomes and Lee's success on appeal, we order Andrea to pay Lee $3000 towards his appellate attorney fee obligation.

### V.    *Disposition*

We affirm all aspects of the property disposition except the inclusion of Andrea's student loan in the divisible property. We modify this portion of the decree to require Andrea to pay Lee $28,759 within ninety days of the issuance of procedendo. We further modify the decree to provide for the payment of $3500 per month in spousal support for three years. Finally, we order Andrea to pay Lee $3000 towards his appellate attorney fee obligation. Costs on appeal are assessed to Andrea.

**AFFIRMED AS MODIFIED.**