# IN THE COURT OF APPEALS OF IOWA

No. 16-0248
Filed August 17, 2016

IN RE THE MARRIAGE OF CHRISTOPHER LEROY RIGGS
AND CARRIE RIGGS

Upon the Petition of
**CHRISTOPHER LEROY RIGGS,**
        Petitioner-Appellant,

**And Concerning**
**CARRIE RIGGS,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

Christopher Leroy Riggs appeals the district court's ruling disqualifying his counsel from representing him in this dissolution action. **REVERSED AND REMANDED.**

Colin R. McCormack of Van Cleaf & McCormack Law Firm, L.L.P., Des Moines, for appellant.

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge**

Christopher Leroy Riggs appeals the district court's ruling disqualifying his counsel, Jacob Van Cleaf, from representing him in this dissolution action. On November 10, 2015, Riggs filed a petition for the dissolution of his marriage to Carrie Riggs, a marriage that had occurred six months prior. The parties have no children together and lived together only two months before separating. In her answer to the petition, Carrie also requested dissolution of the marriage, indicating the parties had not acquired property or debts during the marriage.

On November 30, Carrie filed a motion to disqualify Christopher's attorney, Van Cleaf, from representing him. Because of the limited record in this matter, we are unable to independently review the underlying facts. So, we accept these findings of facts made by the district court:

> Christopher Riggs (Riggs) has four pending matters, three of which are [child in need of assistance (CINA)] petitions in Jasper County. For the sake of judicial economy, all three CINA cases are being adjudicated at the same time. One case involves Riggs and [T.R.]. The second case involves Riggs and Carrie Riggs . . . . The third case involves Riggs and [H.H]. The Motion to Disqualify stems from the fact that Attorney Van Cleaf has represented all of the parties at one time or another. Attorney Van Cleaf previously represented [T.R.] in a custody case . . . against Riggs. Attorney Van Cleaf previously represented [H.H] in a custody case . . . against Riggs. Attorney Van Cleaf is currently representing [H.H.] in the pending CINA action . . . against Riggs. Attorney Van Cleaf is also concurrently representing Riggs in this dissolution of marriage action, against Carrie Riggs, in Polk County.

Carrie contends Van Cleaf's role in the CINA case with H.H. and in the prior custody cases creates an unwaivable conflict in the present case. In the CINA matters, Van Cleaf currently represents the mother in one of those actions;

Carrie is a party to one of the CINA cases,[1] though all three CINA cases are consolidated for hearings; and Christopher is represented by separate counsel in all the pending CINA cases. Christopher resisted the motion to disqualify, asserting no conflict actually existed and noting the only issue in the present divorce action—as neither children nor marital assets exist—is the attorney fees sought by each party. Further, both Christopher and the mother whom Van Cleaf currently represents in a CINA matter executed waivers of conflict.

On January 20, 2016, the district court granted the motion to disqualify, finding "a serious potential for conflict is likely to arise." Christopher filed an application for interlocutory appeal, which the Iowa Supreme Court granted on February 29, 2016.

We review the district court's order for an abuse of discretion. *See Bottoms v. Stapleton*, 706 N.W.2d 411, 415 (Iowa 2005). "The right of a party to choose his or her own attorney is important, but it must be balanced against the need to maintain 'the highest ethical standards' that will preserve the public's trust in the bar and in the integrity of the court system." *Id.* (citation omitted). "In balancing these interests, a court must also be vigilant to thwart any misuse of a motion to disqualify for strategic reasons." *Id.*

Under our current rules, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Iowa R. of Prof'l Conduct 32:1.7; *Bottoms*, 706 N.W.2d at 415. "A concurrent conflict of interest exists" where "the representation of one client will be directly adverse to another

---

[1] For our purposes we are relying on the findings of the district court, but we note the motion to disqualify and the resistance filed in the district court suggest Carrie may be a party to more than one of the CINA cases.

client" or where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Iowa R. of Prof'l Conduct 32:1.7.

No party alleges Van Cleaf's representation is directly adverse to his other client, or that Van Cleaf owes any duty to Carrie personally. Instead, the alleged "serious potential for conflict" is that (1) Van Cleaf may obtain information about Christopher in either matter and impermissibly use it in another matter and (2) Christopher's interests, though not adverse at the time, may become adverse to those of the mother of his child in the CINA action where Van Cleaf represents the mother.

Of note, "the concept of a potential conflict of interest is foreign to the [current] ethical rule." *Bottoms*, 706 N.W.2d at 417. Thus, an actual conflict of interest must exist to justify disqualification. *Id.* The requirement of an actual conflict of interest is satisfied if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another." Iowa R. of Prof'l Conduct 32:1.7.

The case before us is for the dissolution of the marriage of Christopher and Carrie. This puts at issue six-month's worth of potential debts and assets[2]—which the parties appear to agree do not exist—and requested attorney fees. This action does not implicate Christopher's children, the mothers of those

---

[2] We acknowledge, however, the general rule that trial—not date of filing the action—is the time to determine and value assets and liabilities for disposition in a dissolution of marriage action. *See In re Marriage of Driscoll*, 563 N.W.2d 640, 642 (Iowa Ct. App. 1997).

children, or the CINA and custody cases involving those third-parties. Further, Christopher signed a waiver of conflict.

To the extent a risk of conflict exists, if at all, the risk arises in the CINA action where Van Cleaf represents the mother. In theory, Van Cleaf might discover something during his representation of Christopher that could create a conflict between his loyalties to Christopher and his loyalties to the mother in the CINA proceeding. But, the CINA action is not in front of us. Furthermore, Carrie is not a party to that CINA case and has presented no facts or allegations that Van Cleaf's representation of Christopher creates a significant risk to her or to the progress or outcome of this dissolution case. Although the potential for divergent interest exists between Christopher and the mother in the CINA case, we do not find such potential is a "significant risk" in this case and will not deprive Christopher of his counsel of choice based solely on accusations that Christopher's interests may become contrary to a third-party's interests in an unrelated matter.[3] *See Bottoms*, 706 N.W.2d at 419; *see also State v. Smith*, 761 N.W.2d 63, 72, 74 (Iowa 2009) (noting a "*possibility* of a conflict [wa]s present under the facts and circumstances of th[e] case," but the facts "weigh[ed] against finding an *actual* conflict of interest" while indicating the conflict was of an "inherently speculative nature"). On our review of the district court's ruling in this dissolution case, applying the correct standard of a "significant risk," we find its conclusion is not supported by substantial evidence. Accordingly, we determine

---

[3] We want to be clear that, as a practical matter, we question the wisdom of Van Cleaf representing Christopher under these circumstances, but our review is governed by the current ethical rules.

the district court abused its discretion and reverse the ruling of the district court and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

Bower, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge** (dissenting)

I respectfully dissent. I would affirm because I believe there is a significant risk of a concurrent conflict as observed by the district court in its well-reasoned decision.