## IN THE COURT OF APPEALS OF IOWA

No. 16-1663
Filed September 13, 2017

IN RE THE MARRIAGE OF KEVIN RICHARD HUINKER
AND DODY JANE HUINKER

Upon the Petition of
**KEVIN RICHARD HUINKER,**
    Petitioner-Appellee,

**And Concerning**
**DODY JANE HUINKER,**
    Respondent-Appellant.
_____

    Appeal from the Iowa District Court for Clayton County, Joel A. Dalrymple,

Judge.


    A wife appeals the physical care, child support, spousal support, property

division, and attorney fee provisions of the parties' dissolution decree.

**AFFIRMED AS MODIFIED.**


    Kevin E. Schoeberl of Story, Schoeberl & Seebach, L.L.P., Cresco, for

appellant.

    Jeffrey L. Swartz of Swartz Law Firm, P.L.L.C., Waukon, for appellee.


    Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Dody Huinker appeals the physical care, child support, spousal support, property division, and trial attorney fee provisions of the parties' dissolution decree. We affirm on the issues of physical care, child support, property division, and trial attorney fees. We modify the allocation of unpaid medical expenses—Kevin Huinker should pay 78.88% and Dody should pay 21.12% of all unreimbursed medical expenses. We also modify the decree to provide Kevin should pay spousal support of $350 per month. We award Dody $1000 appellate attorney fees, payable by Kevin.

## I.      Background Facts & Proceedings

Kevin and Dody were married in 2002. This was a second marriage for both parties. They have one child, S.H., who was born in 2004. Kevin and Dody separated in 2011 and now live a few blocks apart in Monona, Iowa. They entered into an informal joint physical care arrangement where each week the child lived with Kevin on Sunday, Monday, and Tuesday; with Dody on Thursday, Friday, and Saturday; and on Wednesday care was alternated between the parents. Kevin filed a petition for dissolution of marriage August 20, 2014.[1]

The dissolution hearing was held on September 2, 2015. At that time Kevin was forty-five years old. He was employed as a correctional officer for the State of Iowa. His income in 2013 was $63,000. Kevin lived in a house owned by his mother, and he paid her rent. He has a child from his first marriage, D.H.,

---

[1] A previous petition for dissolution of marriage was filed in 2007. Kevin was ordered to pay temporary child support, which he continued to pay until the dissolution decree was filed in this case, although the parties reconciled and the 2007 petition was dismissed. A second petition for dissolution of marriage was filed in 2011, and was also dismissed.

who lives with him. Kevin was in good health. During the marriage, the parties obtained a mortgage and $12,900 from the proceeds of the loan was used to pay Kevin's prior debts. Kevin agreed to repay Dody for this debt.

At the time of the dissolution hearing Dody was fifty years old. Prior to her marriage to Kevin, Dody purchased a home in Elkader with funds she received in dissolution proceedings from her first husband.[2] She later sold the Elkader home and purchased a home in Monona, where she was living at the time of trial. Dody previously worked in a dental office for fourteen years but was currently unemployed at the time of trial. Dody has a number of medical problems. She was recently determined to be totally disabled, and she receives Social Security disability benefits of $15,948 per year.

A dissolution decree for the parties was filed on January 12, 2016. The court granted the parties joint legal custody and joint physical care. The court continued the current arrangement, where Kevin has the child on Sunday, Monday, and Tuesday; Dody has the child on Thursday, Friday, and Saturday; and they alternate Wednesdays and holidays. Kevin was ordered to pay child support of $454.44 per month and to provide health insurance for the child. The court determined the parties should equally share unreimbursed medical expenses up to $250. For any amounts over $250, the parents would pay percentages as provided in the child support guidelines. The court did not award any spousal support to Dody. The court divided the parties' assets, including Kevin's account with the Iowa Public Employees Retirement System (IPERS).

---

[2] Dody has three children from her previous marriage, who are now adults. These children lived with the parties when they were younger. After Dody's first husband died, her children received Social Security benefits while they were minors.

As part of the property division, Kevin was ordered to pay Dody $12,000. The court awarded Dody $750 in trial attorney fees.

Dody filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2). The court increased the amount Kevin should pay Dody to $12,900, as he agreed in his testimony. The court made some further adjustments to determine Kevin should receive net assets worth $13,000 and Dody should receive net assets worth $17,247. Dody now appeals the decision of the district court.[3]

## II.     Standard of Review

Our review in dissolution cases is de novo. Iowa R. App. P. 6.907; *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007). We examine the entire record and determine anew the issues properly presented. *In re Marriage of Rhinehart*, 704 N.W.2d 677, 680 (Iowa 2005). We give weight to the factual findings of the district court but are not bound by them. *In re Marriage of Geil*, 509 N.W.2d 738, 741 (Iowa 1993).

## III.     Physical Care

Dody claims the district court improperly placed the child in the parties' joint physical care and asks to have the child placed in her physical care. She states the parties had problems communicating about the child's needs. She also states there was a high degree of conflict between the parties due to Kevin's temper, instability, and controlling nature. She raises concerns about Kevin's use of alcohol and the child's contact with D.H., who she believed had behavioral and academic problems. Dody also testified she believed Kevin did not do enough to engage the child in extra-curricular activities.

---

[3] Kevin did not file an appellate brief.

"In child custody cases, the first and governing consideration of the courts is the best interests of the child." Iowa R. App. P. 6.904(3)(o). Joint physical care may be awarded if either parent requests it and it is in the best interests of the child. Iowa Code § 598.41(5)(a) (2014). In determining whether a joint physical care arrangement is appropriate, a court considers (1) "approximation"—what has been the historical care-giving arrangement for the child between the two parties; (2) the ability of the spouses to communicate and show mutual respect; (3) the degree of conflict between the parents; and (4) "the degree to which the parents are in general agreement about their approach to daily matters." *In re Marriage of Berning*, 745 N.W.2d 90, 92 (Iowa Ct. App. 2007) (quoting *In re Marriage of Hansen*, 733 N.W.2d 683, 697–99 (Iowa 2007)).

Kevin and Dody successfully shared physical care of the child for four years while they were separated. The historical care-giving arrangement in this case was for each parent to care for the child half of the time. The evidence showed the child was doing well in school and had flourished under the shared-care arrangement. This leads to the conclusion the parties could communicate as needed to jointly care for the child, the degree of conflict was not so great as to prohibit joint physical care, and they generally agreed about their approach to raising the child. *See id.* We affirm the district court's conclusion that joint physical care was in the child's best interests.

## IV. Child Support

Dody asks to have Kevin's child support obligation increased if we grant her request for physical care of the child. Because we have affirmed the district court's decision placing the child in the parties' joint physical care, we do not

modify the amount of Kevin's child support obligation. Additionally, we find the district court properly calculated the amount of child support using $63,000 as Kevin's annual income. We affirm the order requiring Kevin to pay child support of $454.44 per month.

### V. Unpaid Medical Expenses

Dody asserts the district court improperly allocated the payment of unpaid medical expenses. The district court ruled:

> Kevin shall maintain medical and dental health insurance through his employer, as long as the said insurance is available, for the benefit of S.N.H., and shall pay the premium for said insurance. The parties shall share equally the unreimbursed medical, and dental expenses incurred for S.N.H., upon written proof of the expense. If uncovered medical expenses for the child exceed $250 per year, the petitioner and respondent shall pay the allotted percentage of the excess cost as provided by the Iowa Supreme Court child support guidelines.

Iowa Court Rule 9.12(5) provides, "In cases of joint physical care, the parents shall share all uncovered medical expenses in proportion to their respective net incomes." The worksheet used by the court to calculate Kevin's child support obligation shows Kevin had net annual income of $51,568 and Dody had $13,806. Using these figures, we determine Kevin should be responsible for 78.88% and Dody should be responsible for 21.12% of the child's uncovered medical expenses. We modify the provision concerning uncovered medical expenses in the parties' dissolution decree.

### VI. Spousal Support

Dody claims she should have been awarded spousal support of $750 per month. She points out the parties were married for thirteen years. She states Kevin has a greater earning capacity and is in good health, while she has no

earning capacity at this time due to her age and disability. Dody states she is not able to support herself with the disability payments she receives.

"Property division and alimony should be considered together in evaluating their individual sufficiency." *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998). Spousal support is not an absolute right. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). Whether spousal support is proper depends on the facts and circumstances of each case. *In re Marriage of Brown*, 487 N.W.2d 331, 334 (Iowa 1992). When determining whether spousal support is appropriate we consider the relevant factors found in Iowa Code section 598.21A. *Hansen*, 733 N.W.2d at 704.

Kevin has annual income of $63,000 per year, while Dody receives annual Social Security disability benefits of $15,948. Due to her disability, Dody does not have the ability to increase her income through employment. Looking at the length of the marriage, the age of each party, Dody's needs, and Kevin's ability to pay, we determine Dody is entitled to spousal support of $350 per month. The award of spousal support is payable until the death of Kevin or Dody, or until Dody is able to draw on her share of Kevin's IPERS account, whichever occurs first. We modify the spousal support provision of the parties' dissolution decree on this issue.[4]

---

[4] We acknowledge the spousal support award raises the issue of whether to include spousal support in the child and medical support calculations. We determine in this case equity does not require a recalculation. *See In re Marriage of Russell*, 511 N.W.2d 890, 892 (Iowa 1993).

## VII.    Property Division

**A.**    Dody claims the property division was inequitable.  She asserts the district court should have set off to her $18,862.22 as a premarital asset, in recognition of the home she owned prior to the marriage.  The district court considered this issue in its ruling on Dody's rule 1.904(2) motion, and stated:

> Respondent seeks acknowledgement of approximately $18,862.22 from the settlement of her former home in Elkader, Iowa, which was deemed not marital property and, in fact, was sold prior to the parties' marriage of 2002.  Further, Dody purchased the marital home of Monona located at 201 East North Street prior to the parties' marriage.  The Court does distinguish the marital home from other premarital assets.  The property brought into the marriage was only one factor to be considered by the Court regarding equitable distribution of property.  *In re Marriage of Garst*, 573 N.W.2d 604[, 606] (Iowa Ct. App. 1997).  The Court further contemplated the sweat equity of Kevin in conjunction with the fact Kevin was the primary breadwinner and shouldered the majority of the bills during the course of the parties' marriage.  Consequently, the respondent's request for modification relating to $18,862.22 is denied.

We agree with the district court's conclusions.  Premarital assets are not automatically set aside to one party but are a factor to be considered by the court.  *See In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006).  Kevin contributed to the value of the home by repairs to the property and making payments on the mortgage.  We find the court properly determined the amount of $18,862.22 should not be set aside to Dody.

**B.**    Dody claims the district court did not properly divide Kevin's IPERS pension plan.  The district court gave Dody a portion of Kevin's IPERS pension plan from the date of their marriage in 2002 until they separated in 2011.  Dody asserts she should receive a portion of Kevin's pension during the years they were married, from 2002 until the dissolution trial in 2015.

"Pensions in general are held to be marital assets, subject to division in dissolution cases." *In re Marriage of Branstetter*, 508 N.W.2d 638, 640 (Iowa 1993). Under the percentage method, the pension-holder's spouse receives "a percentage of the pension, payable when benefits become matured." *In re Marriage of Benson*, 545 N.W.2d 252, 255 (Iowa 1996). "[T]his percentage is based on the number of years the employee accrued benefits under the plan during the parties' marriage in relation to the total years of benefits accrued at maturity." *Id.* The value of the retirement benefit is set at the time of maturity, not at the time of the dissolution of marriage. *Id.* at 257.

The *Benson* formula is based on the equation:

| 50% of retirement benefit | x | <u>Years spouse contributed to retirement plan while married</u><br>Years spouse contributed to retirement plan before retirement |
|---|---|---|

*Sullins*, 715 N.W.2d at 250. "The numerator in the fraction is the number of years the pensioner accrued benefits under the plan during the marriage, and the denominator is the total number of years of benefit accrual." *Id.* We have previously stated, however, "[e]quitable distributions require flexibility and concrete rules of distribution may frustrate the court's goal of obtaining equitable results." *In re Marriage of Driscoll*, 563 N.W.2d 640, 642 (Iowa Ct. App. 1997). We noted, "when parties separate several years before even filing a petition for dissolution of marriage, an alternate valuation date is appropriate." *Id.* (citing *In re Marriage of Tzortzoudakis*, 507 N.W.2d 183, 186 (Iowa Ct. App. 1993)).

Kevin and Dody were separated for four years before the dissolution trial. In addition to the lengthy separation, the district court considered Kevin's interest in Dody's house, his request not to claim any interest in the equity in the that

home, and the distribution of the marital assets. Considering the property division as a whole, the court determined Dody should receive a portion of Kevin's IPERS pension benefits representing the time from the parties' marriage until they separated, which was 8.5 years. We find this division is equitable and affirm the district court's decision.

### VIII.    Attorney Fees

**A.**    In the dissolution decree, the district court noted Dody had previously been awarded $750 in trial attorney fees and the decree awarded her an additional $750 for attorney fees. Dody claims the district court should have awarded her the total amount of her trial attorney fees, $2,786.

We review a district court's decision granting trial attorney fees in a dissolution action for an abuse of discretion. *Sullins*, 715 N.W.2d at 255. "Whether attorney fees should be awarded depends on the respective abilities of the parties to pay." *Id.* Dody received a greater amount of property than Kevin, plus she will now be receiving alimony. We conclude the district court did not abuse its discretion in denying Dody's request for a greater award of trial attorney fees.

**B.**    Dody also seeks attorney fees for this appeal. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *Id.* In determining whether to award appellate attorney fees, we consider, "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We conclude Kevin should pay $1000 toward Dody's appellate attorney fees.

**IX.    Conclusion**

We affirm on the issues of physical care, child support, property division, and trial attorney fees.  We modify the allocation of unpaid medical expenses and order Kevin to pay 78.88% and Dody to pay 21.12% of all unreimbursed medical expenses.  We also modify the decree to order Kevin to pay spousal support of $350 per month.  We award Dody $1000 appellate attorney fees, payable by Kevin.  Costs of this appeal are assessed one-half to each party.

**AFFIRMED AS MODIFIED.**